Christopher S. Marks, OR State Bar No. 022052
cmarks@tktrial.com
Malika Johnson, OR State Bar No. 186101
mjohnson@tktrial.com
TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
Telephone: (206) 889-5150

Attorneys for Foster Wheeler Energy Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICHARD D. LONG,<br><br>        Plaintiff,<br><br>v.<br><br>3M COMPANY; et al.,<br><br>        Defendants. | Case No. 3:23-cv-1325<br><br>NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL<br><br>Multnomah County Case No. 23CV27457<br><br>DEMAND FOR JURY TRIAL |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:

PLEASE TAKE NOTICE that Defendant Foster Wheeler Energy Corporation (hereinafter "Foster Wheeler" or "Removing Defendant"), by and through its undersigned attorneys, hereby removes this civil action to the United States District Court for the District of Oregon from the Circuit Court of the State of Oregon for the County of Multnomah pursuant to 28 U.S.C. §§ 1331, 1442, and 1446, whereby this Court has subject matter jurisdiction because of the claims with respect to persons acting at the direction of and under an officer or agency of the United States. Foster Wheeler's grounds for removal are more particularly stated as follows:

    1.    On or about July 11, 2023, Plaintiff initiated a civil action entitled, *Richard D. Long*

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 1

*v. 3M Company,* in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 23CV27457. *See* Attachment A (Complaint).

2. The Complaint alleges, in part, that Plaintiff's Richard D. Long. ("Plaintiff Long"), was exposed to asbestos while working as a laborer for Dillingham Corp. from the early 70s-mid-80s, then as a hands-on foreman and senior foreman for Cascade General, Inc. from the mid-80s through the late 90s, at various locations including, but not limited to the shipyard at Swan Island, and finally, as a hands-on foreman for Marcom from the late 90s-early 2000s at the Marcom shipyard. Plaintiff also alleges asbestos exposure from automotive work on his personal and family's vehicles.

3. Plaintiff served Foster Wheeler with the Complaint on July 19, 2023. *See* Attachment B (Service of Process Note/Affidavit of Service).

4. Plaintiff served all counsel of record with Plaintiff's Long medical records on August 14, 2023. Upon inspection of the medical records, there are numerous references to Plaintiff Long's work history throughout the documents, including his early 1970s to 2000s work maintaining and repairing U.S. Navy ships and ferries. *See* Attachment C (Redacted Excerpts of Medical Records).

5. Removal is timely as it occurs within thirty (30) days of the service of the Complaint on Foster Wheeler. *See* 28 U.S.C. § 1446(b)(1).

6. Foster Wheeler is a "person" within the meaning of 28 U.S.C. § 1442(a). *See, e.g., Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 729 (N.D. Ohio 2007)729; *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

7. The basis for removal is that, in the manufacture and sale of Foster Wheeler equipment for the U.S. Navy, Foster Wheeler was acting under an officer or with the agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). Pursuant to contracts and specifications executed and controlled by the U.S. Navy, Foster Wheeler manufactured equipment, boilers, for the U.S. Navy for use on its vessels, including the U.S. Navy vessels that were repaired

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 2

at Dillingham shipyards. Plaintiff Long testified that on September 8, 2023 he recalled cleaning up debris after boilermakers and welders worked on boilers aboard U.S. Navy vessels.

8. Any and all equipment produced and supplied by Foster Wheeler for the U.S. Navy – and therefore any Foster Wheeler equipment Plaintiff Long might have encountered in the U.S. Navy – was specifically designed and manufactured in accordance with specifications provided by the U.S. Navy and/or its designated agents, and therefore was designed and bult under the direction and control of the U.S. Navy and its officers.

9. Consequently, Foster Wheeler is entitled to remove this action based on "federal officer" jurisdiction under 28 U.S.C. § 1442(a)(1) because: (a) Foster Wheeler is a person that has a colorable federal "government contractor" defense; (b) Foster Wheeler's alleged tortious acts – the manufacture and sale of allegedly defective products for the U.S. Navy occurred under the authority or at the direction of an officer or agency of the United States; and, (c) there is a causal nexus between Plaintiff's claims and the conduct performed by Foster Wheeler under such authority and/or at such direction. *See Mesa v. California,* 489 U.S. 121 (1989).

10. In order to remove this case under the cited authority, Foster Wheeler must present a colorable showing of entitlement such that the validity of the defense should be tried in a Federal Court. *Mesa,* 489 U.S. at 129; *see also, Corley v. Long-Lewis, Inc.,* 688 F.Supp. 2d 1315, 1334 (N.D. Ala. 2010); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 731 (N.D. Ohio 2007); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701 (S.D. Tex. 2002). To make a colorable showing of this defense Foster Wheeler must show that the defense is "plausible" and not "completely frivolous." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996). The Ninth Circuit and multiple other federal circuits have concluded that defendants who manufactured equipment for the U.S. Navy to government specifications appropriately may remove asbestos personal injury cases to Federal Court. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 361 (2014); *Zeringue v Crane Co.*, 2017 U.S. App. LEXIS 1077 (5th Cir. Jan. 20, 2017); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Sawyer v. Foster*

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 3

*Wheeler LLC*, 860 F.3d 249, 256 (4th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012). Similarly, the district judge appointed by the Judicial Panel on Multi-District Litigation to preside over the multi-district litigation for asbestos personal injury cases concluded that the federal officer statute provides jurisdiction over claims filed against defendants that, like Foster Wheeler, manufactured equipment pursuant to U.S. Navy specification for use aboard U.S. Navy vessels. *See Hagen v. Benjamin Foster Co.,* 739 F. Supp. 2d 770 (E.D. Pa. 2010).[1]

11.     Should Plaintiff file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing in accordance with LCR 7(d)(3), but offers the following authorities at this time:

   a. The "government contractor" defense was established in *Boyle v. United Technologies Corp.* The Supreme Court held that liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. 487 U.S. 500, 512 (1988).

   b. The government contractor defense extends to both product defect claims and failure to warn claims. In a case premised on a failure to warn of dangers allegedly associated with products supplied to the government, a defendant is entitled to the protections of the military contractor defense where: (1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3)

---

[1] Numerous federal district courts have held likewise. *See, e.g., Viale v. Air & Liquid Systems*, 19-cv-00038-MMC (N.D. Cal. Mar. 11, 2019); *Culver v. Asbestos Defendants*, 2010 WL 4704327 (N.D. Cal. Nov. 12, 2010); *Olschewske v. Asbestos Defendants*, 2010 WL 3184317 (N.D. Cal. Aug. 11, 2010); *Redman v. A.W. Chesterton Co.*, 2008 WL 5048205 (N.D. Cal. Nov. 25, 2008); *Wright v. A.W. Chesterton Co.*, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008); *Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007); *Oberstar v. CBS Corp.*, No. CV 08-118PA (JWJx), 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008); *Brantley v. Borg-Warner Morse Tec, Inc.*, 2012 WL 1571129 (S.D. Cal. May 3, 2012); *McAboy v. IMO Indus.*, 2005 WL 2898047 (W.D. Wash. Oct. 27, 2005).

the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not. *See, e.g., Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995).

c. The U.S. Navy issued specifications and other technical documentation identified in applicable contract documents that controlled Foster Wheeler's U.S. Navy equipment design and construction and specified the materials to be used in conjunction with such equipment. The U.S. Navy retained ultimate decision-making authority with respect to the design and final approval of all Foster Wheeler equipment constructed for U.S. Navy vessels. All equipment supplied by Foster Wheeler to the U.S. Navy was manufactured under reasonably precise specification and other technical documentation dictated by the U.S. Navy and identified in applicable contract documents.

d. The U.S. Navy's specifications also covered the nature of any communication affixed to or otherwise accompanying equipment supplied to the U.S. Navy. Foster Wheeler was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings, information plates, warnings or other written materials required to be provided with regard to equipment it manufactured for the U.S. Navy. Therefore, Foster Wheeler was, at all times, acting under the direct authority and control of officers of the U.S. Navy, in carrying out its contracts for the manufacture of equipment for the U.S. Navy vessel upon which plaintiff served. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 419 (5th Cir. 2001); *Michell v. AC & S, Inc.*, 2004 WL 3831228, at *2-3 (E.D. Va. 2004); *Nesbiet v. General Electric Co.*, 399 F. Supp. 2d 205, 212 (S.D.N.Y. 2005); and under *Boyle* and its progeny Foster Wheeler has a colorable federal defense to Plaintiff's claims.

e. The U.S. Navy was aware of the potential hazards of asbestos as early as 1922,

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 5

and by the 1940s, the U.S. Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See, e.g., Nesbiet*, 399 F. Supp. 2d at 212 ("Navy's knowledge of the dangers of asbestos on board its ships was state-of-the-art"); *Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019 (S.D. Ill. 1989) ("the government was aware of the risks of the use of asbestos and chose to continue to use asbestos in spite of this knowledge"). There is a causal nexus between Foster Wheeler's actions undertaken at the government's direction and the harm that Plaintiff alleges – Plaintiff Long's alleged development of an asbestos-related disease and the allegation that his injury was caused by exposure to asbestos associated with equipment supplied by Foster Wheeler pursuant to U.S. Navy specification and direction. *Magnin,* 91 F. 3d at 1427-28; *Corley,* 688 F. 3d at 1335.

12. Foster Wheeler is not required to notify and obtain the consent or approval of any other defendant in this action for removal under § 1442(a)(1). *See e.g.*, *Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.*, 644 F2d 1310, 1315 (9th Cir. 1981); *National Audubon Society v. Department of Water & Power of the City of Los Angeles*, 496 F.Supp. 499, 509 (C.D. Cal. 1980).

13. Immediately upon filing of this Notice of Removal, Foster Wheeler will file a copy of the Notice of Removal with the Clerk of the Multnomah County Circuit Court and will provide written notice to counsel for Plaintiff and Defendants in accordance with 28 U.S.C. § 1446(d).

14. Pursuant to 28 U.S.C. § 1446(b), Foster Wheeler will file true and complete copies of all additional records and proceeding in the state court with Defendant's or Defense counsel's verification of the same within 14-days.

15. For purposes of the Court's Intra-District Transfer, this matter was filed in the Circuit Court of the State of Oregon for the County of Multnomah is removed to the United States

District Court for the District of Oregon.

16. By seeking removal, Foster Wheeler does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process or service of process.

WHEREFORE, Defendant respectfully requests that the Court remove the above-captioned action now pending against it in the Circuit Court of the State of Oregon for the County of Multnomah, to the United States District Court for the District of Oregon, wherein it shall proceed as an action originally commenced therein.

DATED this 12th day of September, 2023.   TANENBAUM KEALE, LLP

By: s/Christopher S. Marks
By: s/Malika Johnson
Christopher S. Marks, OR State Bar No. 022052
Malika Johnson, OR State Bar No. 186101

One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150
Email:   cmarks@tktrial.com
         mjohnson@tktrial.com
         seattle.asbestos@tktrial.com

Attorneys for Foster Wheeler Energy Corporation

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Devin N. Robinson, OSB # 064879<br>LAW OFFICES OF DEVIN ROBINSON, P.C.<br>9450 SW Gemini Drive, PMB 27074<br>Beaverton, OR 97008<br>Phone/ FAX#: (866) 985-2884<br>Email: devin@nwtriallaw.com<br>***Attorneys for Plaintiff*** | Jordan Blumenfeld-James (to be admitted pro hac vice)<br>Ethan A. Horn (to be admitted pro hac vice)<br>DEAN OMAR BRANHAM SHIRLEY, LLP<br>302 N. Market Street, Suite 300<br>Dallas, TX  75202<br>Phone: (214) 722-5990<br>FAX #: (214) 722-5991<br>E-mail:  jbj@dobslegal.com<br>ehorn@dobslegal.com<br>aceja@dobslegal.com<br>***Attorneys for Plaintiff*** |
| Nancy M. Erfle, OSB # 902570<br>Sandy Hanson, OSB # 132328<br>GORDON REES SCULLY MANSUKHANI, LLP<br>1300 SW 5th Ave, Suite 2000<br>Portland, OR 97201<br>Phone: (503) 382-3852<br>Fax #: (503) 616-3600<br>Email: PORAsbestos@grsm.com<br>***Attorney for 3M Company*** | Mark B. Tuvim, OSB # 111536<br>Kevin J. Craig, OSB # 112986<br>GORDON REES SCULLY MANSUKHANI, LLP<br>701 Fifth Avenue, Suite 2130<br>Seattle, WA  98104<br>Phone: (206) 695-5100<br>FAX #: (206) 689-2822<br>E-mail:  seaasbestos@grsm.com<br>***Attorneys for Air & Liquid Systems Corporation; Asbestos Corporation Limited; Velan Valve Corp.*** |
| Marissa A. Alkhazov, OSB # 130297<br>BUCHALTER<br>1420 Fifth Avenue, Suite 3100<br>Seattle, WA 98101<br>Telephone: 206-319-7052<br>Facsimile: 206-855-5239<br>Email: malkhazov@buchalter.com<br>msagara@buchalter.com<br>krekofke@buchalter.com<br>mhunt@buchalter.com<br>kreger@buchalter.com<br>***Attorneys for American Optical Corporation*** | Claude F. Bosworth, OSB # 065735<br>RIZZO MATTINGLY BOSWORTH PC<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR  97201-3530<br>Phone: (503) 229-1819<br>FAX #: (503) 229-0630<br>Email: asbestos@rizzopc.com<br>***Attorneys for Anchor/Darling Valve Company*** |

| | |
|---|---|
| Rachel Tallon Reynolds, OSB # 131953<br>Erin Fraser, OSB # 170063<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>FAX #: (206) 436-2030<br>Email: Seattle-Asbestos@lewisbrisbois.com<br>Asbestospdx@lewisbrisbois.com<br>**Attorney for Armstrong International, Inc.; Flowserve US Inc. individually and as successor-in-interest to Edward Valves, Inc. and Vogt Valve Company** | Diane C. Babbitt, OSB # 112915<br>LANE POWELL PC<br>1420 Fifth Avenue Suite 4200<br>Seattle, WA 98111-9402<br>Phone: (206) 223-7000<br>FAX #: (206) 223-7107<br>Email: asbestos@lanepowell.com<br>**Attorneys for A.W. Chesterton Company; Genuine Parts Company; and Viking Pump Inc.** |
| Rachel A. Rubin, OSB # 190820<br>SOHA & LANG, P.S.<br>1325 Fourth Avenue, Suite 940<br>Seattle, WA 98101<br>Phone: (206) 624-1800<br>FAX#: (206) 624-3585<br>Email: asbestos@sohalang.com<br>rubin@sohalang.com<br>**Attorneys for BW/IP, INC.; and FLOWSERVE f/k/a The Duriron Company, Inc.** | J. Scott Wood, OSB # 117151<br>Virginal Leeper, OSB # 113012<br>GORDON REES SCULLY MANSUKHANI, LLP<br>701 Fifth Avenue, Suite 2130<br>Seattle, WA 98104<br>Phone: (206) 695-5100<br>FAX #: (206) 689-2822<br>E-mail: seaasbestos@grsm.com<br>**Attorney for C.H. Murphy/Clark-Ullman, Inc.** |
| Elizabeth H. White, OSB # 204729<br>K&L GATES<br>One SW Columbia St Ste 1900<br>Portland OR 97204<br>Phone: (503) 228-3200<br>FAX #: (503) 248-9085<br>Email: se.asbestos@klgates.com<br>PO.klgasbestos@klgates.com<br>**Attorneys for Crane Environmental LLC; Redco Corporation** | George S. Pitcher, OSB # 963982<br>Dmitriy S. Golosinskiy, OSB # 173568<br>LEWIS BRISBOIS BISGAARD & SMITH<br>888 SW Fifth Avenue, Suite 900<br>Portland, OR 97204-2025<br>Phone: (971) 712-2800<br>FAX #: (971) 712-2801<br>Email: Asbestospdx@lewisbrisbois.com<br>Seattle-Asbestos@lewisbrisbois.com<br>**Attorneys for DCo, LLC; DeZurik, Inc.; National Steel and Shipbuilding Company; Pneumo Abex, LLC; Reinz Wisconsin Gasket LLC** |

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 9

Stephen P. Yoshida, OSB # 044588
David Cramer, OSB # 113621
MB LAW GROUP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Phone: (503) 914-2015
FAX #:(503) 914-1725
Email: syoshida@mblglaw.com
***Attorneys for FMC Corporation***

Ronald Gardner, OSB # 080049
GARDNER TRABOLSI & MORDEKHOV PLLC
2200 Sixth Avenue, Suite 600
Seattle, WA 98121
Phone: (206) 256-6309
FAX#: (206) 256-6318
Email: asbestos@gandtlawfirm.com
***Attorneys for The Goodyear Tire & Rubber Company***

Allen E. Eraut, OSB # 992565
Kathryn Elizabeth Johnson, OSB # 123560
RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201-3530
Phone: (503) 229-1819
FAX #: (503) 229-0630
Email: asbestos@rizzopc.com
***Attorneys for Goulds Pumps (IPG), LLC; ITT LLC; Schneider Electric Systems USA, Inc.***

Claude F. Bosworth, OSB # 065735
Shaun M. Morgan, OSB # 094490
RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201-3530
Phone: (503) 229-1819
FAX #: (503) 229-0630
Email: asbestos@rizzopc.com
***Attorneys for Paramount Supply Co.***

Allen E. Eraut, OSB # 992565
Kevin Bergstrom, OSB # 163422
RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201-3530
Phone: (503) 229-1819
FAX #: (503) 229-0630
Email: asbestos@rizzopc.com
***Attorneys for Viad Corp.; Warren Pumps, LLC***

Jeanne F. Loftis, OSB # 913612
Hayley Hollis, OSB # 191646
BULLIVANT HOUSER BAILEY
One SW Columbia Street, Suite 800
Portland, OR 97204
Phone: (503) 228-6351
FAX #: (503) 295-0915
Email: Asbestos@bullivant.com
***Attorneys for Hollingsworth & Vose Company; Mine Safety Appliance Company***

Kristine Kruger, OSB # 145691
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: (206) 583-8888
FAX #: (206) 583-8500
Email: Asbestos_SEA@perkinscoie.com
***Attorneys for Honeywell International***

Melissa K. Roeder, OSB # 212922
SINARS SLOWIKOWSKI TOMASKA LLC
1000 Second Avenue, Suite 1950
Seattle, WA 98104
Phone: (206) 705-2115
Email: swood@sinarslaw.com
asbestossea@sinarslaw.com
***Attorney for Hopeman Brothers, Inc.; The William Powell Company***

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 10

| | |
|---|---|
| Annalie M. Faddis, OSB # 992834<br>GILLASPY RHODE FADDIS & BENN LLC<br>4380 S Macadam Avenue, Suite 590<br>Portland, Oregon 97239<br>Phone:  (503) 688-5020<br>FAX #:  (503) 425-462-4995<br>Email: afaddis@gillaspyrhode.com<br>spatterson@gillaspyrhode.com<br>***Attorneys for IMO Industries, Inc.; Morse TEC, LLC*** | Daira S. Waldenberg, OSB # 192029<br>HAWKINS PARNELL & YOUNG LLP<br>600 University St., Ste 2305<br>Seattle, WA 98101-4112<br>Phone: (206) 957-0451<br>Email: dwaldenberg@hpylaw.com<br>***Attorneys for John Crane Inc.*** |
| Dana Kopij, OSB # 096853<br>Megan E. Uhle, OSB # 115407<br>WILLIAMS KASTNER & GIBBS<br>601 Union Street, Suite 4100<br>Seattle, WA  98101<br>Phone: (206) 628-6600<br>FAX #: (206) 628-6611<br>Email: wkgasbestos@williamskastner.com<br>***Attorneys for Valves and Controls US, Inc.*** | Edward R. Hugo, OSB # 200485<br>HUGO PARKER, LLP<br>240 Stockton St, Fl 8<br>San Francisco, CA 94111<br>Phone: (415) 808-0300<br>FAX #: (415) 808-0333<br>Email: service@hugoparker.com<br>***Attorneys for Fryer-Knowles, Inc., a Washington Corporation*** |

Signed at Seattle, Washington this 12th day of September, 2023.

                                      s/Maria Tiegen
                                      Maria Tiegen
                                      TANENBAUM KEALE, LLP
                                      One Convention Place
                                      701 Pike Street, Suite 1575
                                      Seattle WA 98101
                                      (206) 889-5150
                                      Email:   mtiegen@tktrial.com

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) AND DEMAND FOR JURY TRIAL
Case No. 3:23-cv-1325

Page 11