7/11/2023 3:00 PM
23CV27457

1
2
3
4           IN THE CIRCUIT COURT OF THE STATE OF OREGON
5                    FOR THE COUNTY OF MULTNOMAH
6
7   **RICHARD D. LONG**,                          Case No.

8                Plaintiff,                       **COMPLAINT**

9       v.                                        **Product Liability; Negligence**

10  **3M COMPANY**                                **Amount Pled Over $50,000.00 - Not
11  f/k/a Minnesota Mining and Manufacturing      Subject To Mandatory Arbitration**
    Company;
12                                                **Prayer Amount: Between
                                                  $500,000.00 and $40,000,000.00**
13  **A.W. CHESTERTON COMPANY**;
                                                  **Filing Fee: $1,178.00
14  **AIR & LIQUID SYSTEMS CORPORATION**,         ORS 21.160(e)**
    individually and as successor-in-interest to
15  Buffalo Pumps, Inc.;

16  **AMERICAN OPTICAL CORPORATION**;

17  **ANCHOR/DARLING VALVE COMPANY**;

18  **ARMSTRONG INTERNATIONAL, INC.**;
19
    **ASBESTOS CORPORATION LIMITED**;
20
21  **BW/IP INC.**
    and its wholly-owned subsidiaries;
22
    **C.H. MURPHY/CLARK-ULLMAN, INC.**
23  individually and as successor in interest to C.H.
    Murphy, Inc., and Clark-Ullman, Inc.;
24
25  **CLARK-RELIANCE LLC**
    f/k/a Clark-Reliance Corporation and its
26  Jerguson Gage & Valve Division;

Page 1 –**COMPLAINT**           LAW OFFICES OF DEVIN ROBINSON, P.C.
                                9450 SW Gemini Drive, PMB 27074
                                Beaverton, OR 97008
                                Phone & Fax 866-985-2884
                                DEVIN@NWTRIALLAW.COM

1  **COPES-VULCAN, INC.**;

2  **CRANE ENVIRONMENTAL, LLC**
3  f/k/a Crane Environmental, Inc.
   individually and as successor-in-interest to
·4  Cochrane Corporation;

5  **DCO LLC**
   individually and as successor-in-interest to
6  Victor Gasket Manufacturing Company;

7  **DEZURIK, INC.**;

8
   **ELECTROLUX HOME PRODUCTS, INC.**
9  individually and as successor-in-interest to
   Copes-Vulcan;
10

11  **FEDERAL-MOGUL ASBESTOS PERSONAL
    INJURY TRUST**
12  as successor to Felt Products Manufacturing
    Co. and the former Vellumoid Division of Federal-
13  Mogul Corporation;

14  **FLOWSERVE CORPORATION**
15  f/k/a The Duriron Company Inc.;

16  **FLOWSERVE US INC.**
    individually and as successor-in-interest to
17  Edward Valves, Inc. and Vogt Valve Company;

18  **FMC CORPORATION**
19  on behalf of its former Peerless Pump and
    Chicago Pump businesses;
20

21  **FOSTER WHEELER ENERGY
    CORPORATION**;

22  **FRYER-KNOWLES, INC.**;

23  **GENERAL ELECTRIC COMPANY**;

24
   **GENUINE PARTS COMPANY**
25  d/b/a National Automotive Parts Association
   (NAPA);
26

**Page 2 – COMPLAINT**

1   **THE GOODYEAR TIRE & RUBBER**
    **COMPANY**;
2
3   **GOULDS PUMPS, INCORPORATED**;

4   **GOULDS PUMPS LLC**
    f/k/a Goulds Pumps Inc.;
5
6   **HOLLINGSWORTH & VOSE COMPANY**;

7   **HONEYWELL INTERNATIONAL, INC.**
    individually and as successor-in-interest to
8   Allied Signal, Inc., as successor to Bendix
    Corporation;
9
10  **HOPEMAN BROTHERS, INC.**;

11  **IMO INDUSTRIES INC.**;

12  **ITT LLC**
    f/k/a ITT Corporation, ITT Industries Inc., ITT
13  Fluid Products Corp., Hoffman Specialty Mfg.
    Corp., Bell and Gossett Company, ITT Marlow,
14  and Kennedy Valve Company;

15  **JOHN CRANE INC.**;
16
17  **MAR-DUSTRIAL SALES, INC.**;

18  **METALCLAD INSULATION LLC**
    f/k/a Metalclad Insulation Corporation f/k/a
19  Metalclad Insulation Corporation;

20  **MINE SAFETY APPLIANCES COMPANY,**
    **LLC**;
21
22  **MORSE TEC LLC**
    f/k/a BorgWarner Morse TEC LLC successor-
23  by-merger to Borg-Warner Corporation;

24  **NATIONAL STEEL AND SHIPBUILDING**
    **COMPANY**;
25

26

Page 3 –**COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1
2
3
4

**PARAMOUNT GLOBAL**
f/k/a ViacomCBS Inc. f/k/a CBS Corporation, a
Delaware corporation, f/k/a Viacom, Inc.
successor-by-merger to CBS Corporation, a
Pennsylvania corporation, f/k/a Westinghouse
Electric Corporation;

5

**PARAMOUNT SUPPLY CO.;**

6
7

**PNEUMO ABEX LLC**
individually and as successor-in-interest to
Abex Corporation;

8
9
10

**REDCO CORPORATION**
f/k/a Crane Co., individually and as successor-
in-interest to Pacific Steel Boiler Co.;

11
12
13
14

**REINZ WISCONSIN GASKET LLC**
f/k/a or as successor to Reinz Wisconsin
Gasket Company, Wisconsin Gasket &
Manufacturing Company (a Delaware
corporation), and Wisconsin Gasket &
Manufacturing Co. (a Wisconsin corporation);

15
16

**SCHNEIDER ELECTRIC SYSTEMS USA,
INC.** f/k/a Invensys Systems, Inc.;

17

**UNIROYAL HOLDING, INC.**
f/k/a U.S. Rubber Company, Inc.;

18
19
20

**VALVES AND CONTROLS US, INC.**
f/k/a Weir Valves & Controls USA Inc. d/b/a
Atwood & Morrill Co., Inc.;

21

**VELAN VALVE CORP.;**

22

**VELLUMOID, INC.;**

23
24
25

**VIAD CORP.**
f/k/a The Dial Corporation,
individually and as successor-in-interest to
Griscom-Russell Company;

26

**VIKING PUMP, INC.;**

Page 4 –**COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1  **WARREN PUMPS LLC;**

2  **THE WILLIAM POWELL COMPANY,**

·3  Defendants.

4

5

6

7  _____

8       Plaintiff alleges that at all material times:

9  **FIRST CLAIM FOR RELIEF**
   **Product Liability**

10  1.

11       Plaintiff Richard D. Long ("Plaintiff") is an Oregon resident.

12  2.

13       Each of the following Defendants conducted regular, sustained, and not isolated

14  business activity in the State of Oregon:

15  (a)     Defendant, **3M COMPANY** (*f/k/a* Minnesota Mining and Manufacturing Company),

16  was and is a Delaware corporation with its principal place of business in Minnesota, and

17  was engaged in the sale, production, manufacturing, and distribution of respiratory

18  protection incapable of protecting individuals from asbestos fibers which it marketed to

19  prevent asbestos exposure including, but not limited to, 3M masks and other asbestos-

20  containing products.

21  (b)     Defendant, **A.W. CHESTERTON COMPANY**, was and is a Massachusetts

22  corporation with its principal place of business in Massachusetts, and was engaged in

23  the sale, production, manufacturing, and distribution of products, materials, or

24  equipment, including, but not limited to, asbestos-containing cloth, gaskets and packing

25  material.

26

    **Page 5 –COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1

2   (c)      Defendant, **AIR & LIQUID SYSTEMS CORPORATION** (*individually and as*

3   *successor-in-interest to* Buffalo Pumps, Inc.), was and is a Pennsylvania corporation with

    its principal place of business in Pennsylvania, and engaged in the sale, production,
4
    manufacturing, and distribution of products, materials, or equipment, including, but not
5
    limited to, asbestos-containing Buffalo pumps.
6
    (d)      Defendant, **AMERICAN OPTICAL CORPORATION**, was and is a Delaware
7
    corporation with its principal place of business in Massachusetts, and was engaged in
8
    the sale, production, manufacturing, and distribution of respiratory protection incapable
9
    of protecting individuals from asbestos fibers which it marketed to prevent asbestos
10
    exposure including, but not limited to, American Optical masks, respirators and other
11
    asbestos-containing products.
12
    (e)      Defendant, **ANCHOR/DARLING VALVE COMPANY**, was and is a Pennsylvania
13
    corporation with its principal place of business in Texas, and was engaged in the sale,
14
    production, manufacturing, and distribution of products, materials, or equipment,
15
    including, but not limited to, asbestos-containing Darling valves.
16
    (f)      Defendant, **ARMSTRONG INTERNATIONAL, INC.**, was and is a Michigan
17
    corporation with its principal place of business in Michigan, and was engaged in the sale,
18
    production, manufacturing, and distribution of products, materials, or equipment,
19
    including, but not limited to, asbestos-containing Armstrong steam traps and strainers.
20
    (g)      Defendant, **ASBESTOS CORPORATION LIMITED**, was and is a Canadian
21
    corporation with its principal place of business in Canada, and was engaged in the sale,
22
    production, manufacturing, and distribution of products, materials, or equipment,
23
    including, but not limited to, asbestos-containing asbestos fibers and products resulting
24
    from use of the fiber.
25

26

**Page 6 –COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

(h)      Defendant, **BW/IP INC.** (*and its wholly-owned subsidiaries*), was and is a Delaware corporation with its principal place of business in Texas, and was engaced in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Byron Jackson pumps.

(i)      Defendant, **C.H. MURPHY/CLARK-ULLMAN, INC.**, individually and as successor in interest to C.H. Murphy and Clark-Ullman, Inc. was and is an Oregon corporation with its principal place of business in Oregon and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing insulation, gasket, cloth, packing, and refractory products.

(j)      Defendant, **CLARK-RELIANCE LLC** (*f/k/a* Clark-Reliance Corporation *and its* Jerguson Gage & Valve Division), was and is a Delaware limited liability company with its principal place of business in Ohio, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Jerguson valves, boilers, gauges and valve glasses.

(k)      Defendant, **COPES-VULCAN, INC.**, was and is a Delaware corporation with its principal place of business in Pennsylvania, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Vulcan blowers and valves.

(l)      Defendant, **CRANE ENVIRONMENTAL, LLC** (*f/k/a* Crane Environmental Inc. *individually and as successor-in-interest to* Cochrane Corporation), was and is an Delaware limited liability company with its principal place of business in Florida, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Cochran feed tanks and pumps.

**Page 7 –COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

(m)    Defendant, **DCO LLC** (*individually and as successor-in-interest to* Victor Gasket Manufacturing Company), was and is an Virginia limited liability company with its principal place of business in Tennessee, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Victor gaskets.

(n)    Defendant, **DEZURIK, INC.**, was and is a Delaware corporation with its principal place of business in Minnesota, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Vulcan blowers and valves.

(o)    Defendant, **ELECTROLUX HOME PRODUCTS, INC.** (*individually and as successor-in-interest to* Copes-Vulcan), was and is a Delaware corporation with its principal place of business in North Carolina, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Vulcan soot blowers.

(p)    Defendant, **FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST** (*as successor to* Felt Products Manufacturing Co. *and the former* Vellumoid Division *of* Federal-Mogul Corporation), was and is a Delaware statutory trust with its principal place of business in Delaware, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Fel-Pro gaskets and Vellumoid gaskets.

(q)    Defendant, **FLOWSERVE CORPORATION** (*f/k/a* The Durion Company, Inc.), was and is a New York corporation with its principal place of business in Texas, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Duriron pumps and

**Page 8 –COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Durco pumps and valves. ORPORATION arise out of this Defendant's business activities in the State of Oregon.

(r)     Defendant, **FLOWSERVE US INC.** (*individually and as successor-in-interest to Edward Valves, Inc. and* Vogt Valve Company), was and is a Delaware corporation with its principal place of business in Texas, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Edward valves and Vogt valves.

(s)     Defendant, **FMC CORPORATION** (*on behalf of its former* Peerless Pump *and* Chicago Pump *businesses*), was and is a Pennsylvania corporation with its principal place of business in Pennsylvania, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Peerless pumps and Chicago pumps, as well as a manufacturer of asbestos-containing ships.

(t)     Defendant, **FOSTER WHEELER ENERGY CORPORATION**, was and is a Delaware corporation with its principal place of business in New Jersey, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Foster Wheeler boilers.

(u)     Defendant, **FRYER-KNOWLES, INC.**, was and is a Washington corporation with its principal place of business in Washington, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing flooring and decking.

(v)     Defendant, **GENERAL ELECTRIC COMPANY**, was and is a New York corporation with its principal place of business in Massachusetts, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or

Page 9 –**COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

equipment, including, but not limited to, asbestos-containing General Electric generators and turbines.

(w)    Defendant, **GENUINE PARTS COMPANY** (*d/b/a* National Automotive Parts Association (NAPA)), was and is a Georgia corporation with its principal place of business in Georgia, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing friction products and Raylock brakes.

(x)    Defendant, **THE GOODYEAR TIRE & RUBBER COMPANY**, was and is an Ohio corporation with its principal place of business in Ohio, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Durabla gaskets.

(y)    Defendant, **GOULDS PUMPS, INCOPORATED**, was and is a Delaware corporation with its principal place of business in Connecticut, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Goulds pumps.

(z)    Defendant, **GOULDS PUMPS LLC** (*f/k/a* Goulds Pumps Inc.), was and is a Delaware limited liability company with its principal place of business in Connecticut, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Goulds pumps.

(aa)   Defendant, **HOLLINGSWORTH & VOSE COMPANY**, was and is a Massachusetts corporation with its principal place of business in Massachusetts, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing gasket paper to Fel-Pro and Victor.

Page 10 –**COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(bb)    Defendant, **HONEYWELL INTERNATIONAL, INC.** (*individually and as successor-in-interest to* Allied Signal, Inc. *as successor to* Bendix Corporation), was and is a Delaware corporation with its principal place of business in North Carolina, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Bendix brakes.

(cc)    Defendant, **HOPEMAN BROTHERS, INC.**, was and is a Virginia corporation with its principal place of business in Virginia, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Asbestos Marinite & Micarta board.

(dd)    Defendant, **IMO INDUSTRIES INC.**, was and is a Delaware corporation with its principal place of business in New Jersey, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing DeLaval pumps and turbines.

(ee)    Defendant, **ITT LLC** (*f/k/a* ITT Corporation,  ITT Industries Inc., ITT Fluid Products Corp., Hoffman Specialty Mfg. Corp., Bell and Gossett Company, ITT Marlow, *and* Kennedy Valve Company), was and is an Indiana limited liability company with its principal place of business in Connecticut, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Bell and Gossett pumps and valves, Foster valves and Kennedy valves.

(ff)    Defendant, **JOHN CRANE INC.**, was and is a Delaware corporation with its principal place of business in Illinois, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing gaskets and packing products.

Page 11 –COMPLAINT

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

(gg)   **MARDUSTRIAL SALES, INC.,** was and is an Oregon corporation with its principal place of business in Oregon and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, Garlock gasket and packing materials.

(hh)   Defendant, **METALCLAD INSULATION LLC** (*f/k/a* Metalclad Insulation Corporation), was and is a Delaware limited liability company with its principal place of business in California, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, the installation and removal of asbestos-containing thermal insulation and materials.

(ii)   Defendant, **MINE SAFETY APPLIANCES COMPANY, LLC,** was and is a Pennsylvania limited liability company with its principal place of business in Pennsylvania, and was engaged, directly or indirectly, in the business of mining, designing, manufacturing, processing, importing, converting, compounding, supplying, installing, replacing, repairing, using, and/or retailing respiratory protection incapable of protecting individuals from asbestos fibers which it marketed to prevent asbestos exposure including, but not limited to, MSA masks, respirators and other asbestos-containing products.

(jj)   Defendant, **MORSE TEC LLC** (*f/k/a* BorgWarner Morse TEC LLC *successor-by-merger to* Borg-Warner Corporation), was and is a Delaware limited liability company with its principal place of business in Michigan, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing BorgWarner brakes, clutches, and transmission plates.

(kk)   Defendant, **NATIONAL STEEL AND SHIPBUILDING COMPANY,** was and is a Nevada corporation with its principal place of business in California, and was engaged in

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1
2
the sale, production, manufacturing, and distribution of products, materials, and/or

equipment, including, but not limited to, asbestos-containing ships.

3
4
(ll)    Defendant, **PARAMOUNT GLOBAL** (*f/k/a* ViacomCBS Inc. *f/k/a* CBS Corporation,

*a Delaware corporation, f/k/a* Viacom, Inc. *successor-by-merger to* CBS Corporation*, a*

5
6
*Pennsylvania corporation, f/k/a* Westinghouse Electric Corporation), was and is a Delaware

corporation with its principal place of business in New York, and was engaged in the

7
8
sale, production, manufacturing, and distribution of products, materials, or equipment,

including, but not limited to, asbestos-containing Westinghouse blowers, turbines and

9
ship service generators.

10
11
(mm)  Defendant, **PARAMOUNT SUPPLY COMPANY**, was and is an Oregon

corporation with its principal place of business in Oregon and was engaged in the sale,

12
13
production, manufacturing, and distribution of products, materials, or equipment,

including, but not limited to, asbestos-containing pipe, valves, fittings, gaskets, packing,

14
and steam specialty products.

15
16
(nn)    Defendant, **PNEUMO ABEX LLC** (*individually and as successor-in-interest to*

Abex Corporation), was and is a Delaware limited liability company with its principal

17
18
place of business in Texas, and was engaged in the sale, production, manufacturing,

and distribution of products, materials, or equipment, including, but not limited to,

19
asbestos-containing friction products such as brakes and clutches.

20
21
(oo)    Defendant, **REDCO CORPORATION** (*f/k/a* Crane Co. *individually and as*

*successor-in-interest to* Pacific Steel Boiler Co. *and* National-U.S. Radiator Corp.), was

22
23
and is a Delaware corporation with its principal place of business in Connecticut, and

was engaged in the sale, production, manufacturing, and distribution of products,

24
25
materials, or equipment, including, but not limited to, asbestos-containing Crane feed

tanks, pumps and valves, Cranite gaskets, Chapman valves, Chempump pumps and

26

Page 13 –**COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1   valves, Cochrane feed tanks and pumps, Deming pumps, Jenkins valves, Stockham
2   valves and Pacific boilers.

3   (pp)    Defendant, **REINZ WISCONSIN GASKET LLC** (*f/k/a or as successor to* Reinz
4   Wisconsin Gasket Company, Wisconsin Gasket & Manufacturing Company *(a Delaware
5   corporation), and* Wisconsin Gasket & Manufacturing Co. *(a Wisconsin corporation)*),
6   was and is a Delaware limited liability company with its principal place of business in
7   Wisconsin, and was engaged in the sale, production, manufacturing, and distribution of
8   products, materials, or equipment, including, but not limited to, asbestos-containing
9   Reinz gaskets.

10  (qq)    Defendant, **SCHNEIDER ELECTRIC SYSTEMS USA, INC.** (*f/k/a* Invensys
11  Systems, Inc.), was and is a Massachusetts corporation with its principal place of
12  business in Massachusetts, and was engaged in the sale, production, manufacturing,
13  and distribution of products, materials, or equipment, including, but not limited to,
14  asbestos-containing Foxboro valves.

15  (rr)    Defendant, **UNIROYAL HOLDING, INC.** (*f/k/a* U. S. Rubber Company, Inc.), was
16  and is a New Jersey corporation with its principal place of business in Connecticut, and
17  was engaged in the sale, production, manufacturing, and distribution of products,
18  materials, or equipment, including, but not limited to, asbestos-containing blankets.

19  (ss)    Defendant, **VALVES AND CONTROLS US, INC.** (*f/k/a* Weir Valves & Controls
20  USA Inc. *d/b/a* Atwood & Morrill Co., Inc.), was and is a Texas corporation with its
21  principal place of business in Oregon and was engaged in the sale, production,
22  manufacturing, and distribution of products, materials, or equipment, including, but not
23  limited to, asbestos-containing Atwood & Morrill valves.

24  (tt)    Defendant, **VELAN VALVE CORP.**, was and is a Delaware corporation with its
25  principal place of business in Vermont, and was engaged in the sale, production,
26

**Page 14 –COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Velan valves and steam traps.

(uu)    Defendant, **VELLUMOID, INC.**, was and is a North Carolina corporation with its principal place of business in Massachusetts, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Vellumoid gaskets.

(vv)    Defendant, **VIAD CORP** (*f/k/a* The Dial Corporation, *individually and as successor-in-interest to* Griscom-Russell Company), was and is a Delaware corporation with its principal place of business in Arizona, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Griscom-Russell distilling plants and fuel oil heaters.

(ww)    Defendant, **VIKING PUMP, INC.**, was and is a Delaware corporation with its principal place of business in Iowa, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Viking pumps.

(xx)    Defendant, **WARREN PUMPS LLC**, was and is a Delaware limited liability company with its principal place of business in Massachusetts, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Warren pumps.

(yy)    Defendant, **THE WILLIAM POWELL COMPANY**, was and is an Ohio corporation with its principal place of business in Ohio, and was engaged in the sale, production, manufacturing, and distribution of products, materials, or equipment, including, but not limited to, asbestos-containing Powell valves.

///

///

Page 15 –COMPLAINT

1

2

3.

3

At all material times, Defendants regularly engaged in manufacturing, marketing,

selling, distributing, applying, installing, and/or rebranding asbestos-containing materials

4

and products.

5

4.

6

Plaintiff has contracted mesothelioma from exposure to asbestos and asbestos-

7

containing products.

8

5.

9

Mesothelioma is a disease with no cure that will eventually kill Plaintiff.

10

6.

11

During his work history, Plaintiff Richard D. Long was exposed to asbestos from

12

Defendants' products through his work as a laborer and foreman from approximately the

13

early 1970s to early 2000s, on various ships located at, and in, shipyards in Oregon.

14

Plaintiff performed a variety of tasks throughout his worksites, which included but are

15

not limited to, removal of asbestos-containing insulation on pipes, working on boilers in

16

17

ship engineering spaces, removing and replacing packing and gasket materials on

18

pumps and other equipment, including but not limited to steamtraps, valves, and

19

turbines. Plaintiff further performed welding, pipefitting, and mechanical work. All of

20

these activities exposed Plaintiff to asbestos and asbestos dust and fibers.

21

7.

22

23

During his work history, Plaintiff was further exposed through his work around

24

other trades including carpenters, mechanics, pipefitters, boilermakers, insulators, and

25

electricians. Plaintiff worked near, with, and closely to, a variety of tradesmen working

26

Page 16 –COMPLAINT

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1    on asbestos-containing pipe insulation, turbines, boilers, generators, valves, steam

2    traps, pumps, furnaces, and other equipment, as well as tradesmen mixing, cutting,

3    repairing, installing and removing asbestos-containing insulation, materials and other

4    products. All these activities exposed Plaintiff to asbestos and asbestos-dust.

5                                                    8.

6

7         Plaintiff was exposed to asbestos from Defendants' products while employed as

8    a laborer and as he worked his way up to foreman for Dillingham Corporation from

9    approximately the early 1970s to mid 1980s for Dillingham Ship Repair located in

10   Portland, Oregon.

11

12                                                   9.

13        Plaintiff was exposed to asbestos from Defendants' products while employed as

14   a hands-on foreman and senior foreman for Cascade General Inc. from approximately

15   the mid 1980s to late 1990s at various locations, including but not limited to the shipyard

16   in the Swan Island section of Portland, Oregon.

17                                                   10.

18        Plaintiff was exposed to asbestos from Defendants' products while employed as

19   a hands-on foreman for Marcom from approximately the late 1990s through early 2000s

20   at the Marcom shipyard in Portland, Oregon.

21

22                                                   11.

23        Plaintiff was exposed to asbestos from Defendants' asbestos-containing friction

24   products during various times throughout his life while performing maintenance, working

25   on motors, transmissions, clutches and changing the brakes on his personal vehicles

26

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

and family's vehicles in Oregon from approximately the late 1960s to the early 2000s. These activities exposed Plaintiff to asbestos from those Defendants identified as manufacturers, distributors, and sellers of brake, clutch, transmission, and gasket products.

12.

During the course of Plaintiff Richard D. Long's employment at the locations mentioned above, and during non-occupational work projects and in other ways, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed airborne asbestos fibers, either through handling asbestos and asbestos-containing materials in the performance of his work, being exposed to airborne asbestos dust and fibers created by workers who handled, installed or fabricated asbestos-containing materials, or who were exposed to those materials and then exposed Plaintiff to those fibers.

13.

None of Plaintiff's claims herein against any Defendant are for exposures at any United States governmental sites or enclaves, or under the direction of any United States government employee, administration, or contractor.

14.

Defendants who manufactured, sold, and distributed machinery at locations where Plaintiff was present:

a)     sold machinery with asbestos-containing materials including gasket, packing, cloth, and/or insulation material;

b)     required the use of asbestos-containing gasket, packing, cloth, and/or insulation material for repair, maintenance and/or installation of their products; and/or

Page 18 –COMPLAINT

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

c)    knew or should have known that asbestos-containing gasket, packing, cloth, and/or insulation materials would be used in the repair, maintenance and/or installation of their products.

15.

Plaintiff was diagnosed with mesothelioma and learned of its connection and causation by exposure to asbestos, less than 2 years prior to filing this matter.

16.

Defendants' asbestos-containing products and materials released respirable asbestos fibers capable of causing mesothelioma if inhaled by individuals, including the Plaintiff.

17.

Defendants who manufactured, sold, and/or distributed masks, respirators, and/or other respiratory protective equipment used by Plaintiff failed to protect from inhalation of respirable asbestos fibers capable of causing disease if inhaled by individuals, including the Plaintiff, making the products unreasonably dangerous.

18.

Defendants' products were unreasonably dangerous and defective in that:

(a)    The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to asbestos from use of Defendants' products;

(b)    Defendants' products were capable of causing disease including mesothelioma if asbestos was inhaled by individuals, including the Plaintiff, in their work places, including those set forth above.

(c)    Individual workers, including the Plaintiff, were not warned to utilize proper respiratory protection to protect them from airborne asbestos fibers within their working environment, including those set forth above.

**Page 19 –COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

(d)    Individual workers, including the Plaintiff, were not instructed in how to use Defendants' products to avoid asbestos exposure within their working environment, including those set forth above.

19.

As a foreseeable result of use of Defendants', and each of their, unreasonably dangerous products by Plaintiff and co-workers in his presence, Plaintiff was exposed to asbestos and contracted mesothelioma.

20.

As a foreseeable result of his mesothelioma from Defendants', and each of their, unreasonably dangerous products, Plaintiff has experienced, experiences, and in the future will experience, pain, mental suffering, emotional distress, and humiliation, and inconvenience and interference with normal and usual activities all to his noneconomic damages in the amounts below in Damages.

21.

As a foreseeable result of his mesothelioma from Defendants', and each of their, unreasonably dangerous products, Plaintiff has experienced, experiences, and in the future will experience economic damages for reasonable and necessary medical care and loss of services, and lost income in the amounts below in Damages.

## SECOND CLAIM FOR RELIEF
### Negligence

22.

Plaintiff re-alleges paragraphs 1 through 19.

23.

Defendants were negligent generally and in one or more of the following particulars:

Page 20 –COMPLAINT

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

(a)  The Defendants did not provide sufficient warnings and/or instructions of the harm caused by exposure to asbestos from Defendants' products when the Defendants, prior to the period of the Plaintiff's exposure to asbestos and asbestos-containing products, possessed information concerning the adverse effects and disease-producing capabilities of those products;

(b)  The Defendants failed to withdraw products that exposed users and bystanders to asbestos from the market prior to the Plaintiff's exposure, when the Defendants possessed information concerning the adverse effects and disease-producing capabilities of those products;

(c)  The Defendants failed to determine the level of airborne asbestos fibers emitted by their products when the products were being used;

(d)  The Defendants failed to conduct tests to determine the amount of asbestos to which the Plaintiff, or similarly situated workers, would be exposed, when engaging in the use of the products;

(e)  The Defendants failed to warn individual workers, including the Plaintiff, regarding the hazards associated with the use of the product;

(f)  The Defendants did not withdraw their products from the market after learning their products exposed workers to asbestos; and/or

(g)  The Defendants did not alter the design of their products after learning their products exposed workers to asbestos to a design that would not expose workers to asbestos.

24.

As a foreseeable result of his mesothelioma from Defendants', and each of their, negligence, Plaintiff has experienced, experiences, and in the future will experience, pain, mental suffering, emotional distress, and humiliation, and inconvenience and

Page 21 –COMPLAINT

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

interference with normal and usual activities all to his noneconomic damages in the amounts below in Damages.

25.

As a foreseeable result of his mesothelioma from Defendants', and each of their, negligence, Plaintiff has experienced, experiences, and in the future will experience economic damages for reasonable and necessary medical care, loss of services, and lost income in the amounts below in Damages.

**DAMAGES**

26.

Plaintiff re-alleges 1-25 above.

27.

For all claims for relief, Plaintiff asks that the jury include noneconomic damages in its verdict for past, current, and future pain, mental suffering, emotional distress, and humiliation, and inconvenience and interference with normal and usual activities in an amount that is reasonable, fair, and just, not to exceed $40,000,000.00.

28.

For all claims for relief, Plaintiff asks that the jury include economic damages in its verdict for past, current, and future reasonable and necessary medical care, loss of services, and lost income in an amount currently unknown, and therefore pled as $500,000.00 pursuant to ORCP 18 and which will be amended according to proof.

29.

Plaintiff puts Defendants on notice he intends to seek punitive damages.

///

///

Page 22 –**COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM

1

2
    **WHEREFORE**, for all claims for relief, Plaintiff prays for judgment against

Defendants, and each of them, as follows:

3
    1. Non-economic damages that are fair, reasonable, and just not to exceed

4
$40,000,000.00;

5
    2. Economic damages in a fair reasonable and just amount currently pled as

6
$500,000.000.

7
    3. Plaintiff's costs and disbursements incurred herein.

8
    4. Any other costs or relief this court deems necessary, legal or equitable.

·9

10
Dated: July 10, 2023

11
                                   **LAW OFFICES OF DEVIN ROBINSON, P.C.**

12
                                   */s/ Devin N. Robinson*

13
                                   Devin N. Robinson, OSB No. 064879
                                   *Of Attorneys for Plaintiff*

14
                                   9450 SW Gemini Drive, PMB 27074
                                   Beaverton, OR 97008

15
                                   T/F: (866) 985-2884
                                   Email: devin@nwtriallaw.com

16
                                   and

17
                                   **DEAN OMAR BRANHAM SHIRLEY, LLP**

18
                                   302 N. Market Street, Suite 300
                                   Dallas, Texas 75202

19
                                   T: (214) 722-5990
                                   F: (214) 722-5991

20
                                   Jordan Blumenfeld-James, CSB No. 235185
                                   (To Be Admitted *Pro Hac Vice*)

21
                                   Email: jbj@dobslegal.com

22

·23

24

25

26

**Page 23 –COMPLAINT**

LAW OFFICES OF DEVIN ROBINSON, P.C.
9450 SW Gemini Drive, PMB 27074
Beaverton, OR 97008
Phone & Fax 866-985-2884
DEVIN@NWTRIALLAW.COM